# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sream Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>D & S Business Investments LLC, et al.,<br><br>　　　　　Defendants. | No. CV-16-00030-PHX-ROS<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

　　　　The parties have stipulated to a final judgment and permanent injunction. The parties' stipulation will be approved with the exception of the provision regarding retention of jurisdiction. That provision will be changed such that future enforcement actions, if necessary, must be brought in this court.

　　　　Accordingly,

　　　　**IT IS ORDERED** the Stipulation (Doc. 14) is **APPROVED IN PART**.

　　　　**IT IS FURTHER ORDERED** the Court finds the parties have stipulated to the following facts:

　　　　A.　　Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant D & S Business Investments LLC, d/b/a King's Smoke Shop, a/k/a King Smoke Shop ("Kings"), alleging that Kings violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and A.R.S. §44-1522 *et seq.* ("Action");

B. The Parties entered into a settlement agreement as of May 2, 2016 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

**IT IS FURTHER ORDERED** as follows:

1. Judgment is entered in favor of Sream against Kings on all claims.

2. For the purposes of binding preclusive effect on Kings as to future disputes between Kings and Sream, and only for such purposes, Kings admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

   b. The RooR Marks are valid and enforceable.

   c. Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

   d. Kings, by the actions described in the complaint, has infringed upon the RooR Marks.

3. Kings, and those acting on Kings' behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "Injunction").

4. Kings is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark

rights are subsisting, valid, and enforceable.  The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

5. This Court shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final judgment, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

6. The Parties waive any rights to appeal this stipulated judgment, including without limitation the Injunction.

Dated this 4th day of May, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge